IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                                      Civil No. 18-4138

ST. MARYS RURAL HOUSING, L.P. a/k/a ST.
MARYS RURAL RENTAL HOUSING, L.P.,
JOHN AND JANE DOE #1 (Residing at 311 S.
Grand Avenue, Apt. #1, St. Marys, KS 66536),
JOHN AND JANE DOE #2 (Residing at 311 S.
Grand Avenue, Apt. #2, St. Marys, KS 66536),
JOHN AND JANE DOE #3 (Residing at 311 S.
Grand Avenue, Apt. #3, St. Marys, KS 66536),
JOHN AND JANE DOE #4 (Residing at 311 S.
Grand Avenue, Apt. #4, St. Marys, KS 66536),
JOHN AND JANE DOE #5 (Residing at 311 S.
Grand Avenue, Apt. #5, St. Marys, KS 66536),
JOHN AND JANE DOE #6 (Residing at 311 S.
Grand Avenue, Apt. #6, St. Marys, KS 66536),
JOHN AND JANE DOE #7 (Residing at 311 S.
Grand Avenue, Apt. #7, St. Marys, KS 66536),
JOHN AND JANE DOE #8 (Residing at 311 S.
Grand Avenue, Apt. #8, St. Marys, KS 66536),
JOHN AND JANE DOE #9 (Residing at 311 S.
Grand Avenue, Apt. #9, St. Marys, KS 66536),
JOHN AND JANE DOE #10 (Residing at 311 S.
Grand Avenue, Apt. #10, St. Marys, KS 66536),
JOHN AND JANE DOE #11 (Residing at 311 S.
Grand Avenue, Apt. #11, St. Marys, KS 66536),
JOHN AND JANE DOE #12 (Residing at 311 S.
Grand Avenue, Apt. #12, St. Marys, KS 66536),
JOHN AND JANE DOE #13 (Residing at 311 S.
Grand Avenue, Apt. #13, St. Marys, KS 66536),
JOHN AND JANE DOE #14 (Residing at 311 S.
Grand Avenue, Apt. #14, St. Marys, KS 66536),
JOHN AND JANE DOE #15 (Residing at 311 S.
Grand Avenue, Apt. #15, St. Marys, KS 66536),
JOHN AND JANE DOE #16 (Residing at 311 S.
Grand Avenue, Apt. #16, St. Marys, KS 66536),
JOHN AND JANE DOE #17 (Residing at 311 S.
Grand Avenue, Apt. #17, St. Marys, KS 66536),

and JOHN AND JANE DOE #18 (Residing at 311
S. Grand Avenue, Apt. #18, St. Marys, KS 66536),

> Defendants.

## COMPLAINT

COMES NOW the United States of America, by Stephen R. McAllister, United States

Attorney for the District of Kansas, and Tanya Sue Wilson, Assistant United States Attorney, and

for its cause of action alleges:

1.    This is a civil action for foreclosure of a Mortgage brought by the United States of

America under the provisions of 28 U.S.C. § 1345.

2.    Service may be made upon Defendants in the following manner:

a.    Defendant St. Marys Rural Housing, L.P. a/k/a St. Marys Rural Rental
Housing, L.P. may be served by delivering a copy of the Summons and
Complaint to its Registered Agent, Terry Hummer, at 4700 Hunters Ridge
Circle, Topeka, Kansas 66618, and, if he cannot be found there, by
delivering a copy of the Summons and Complaint to the Kansas Attorney
General, Derek Schmidt, at 120 SW 10th Avenue, Memorial Hall, 1st Floor,
Business Services Division, Topeka, Kansas 66612, pursuant to K.S.A. §
60-304(f), and also by delivering a copy of the Summons and Complaint to
Terry Hummer, general partner, at 4815 Southwest 17th Street, Unit D,
Topeka, Kansas 66604, which upon information and belief is his current
address, within the jurisdiction of this Court.

b.      Defendant John and Jane Doe #1 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #1, St. Marys, Kansas 66536, within the jurisdiction of this Court.

c.      Defendant John and Jane Doe #2 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #2, St. Marys, Kansas 66536, within the jurisdiction of this Court.

d.      Defendant John and Jane Doe #3 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #3, St. Marys, Kansas 66536, within the jurisdiction of this Court.

e.      Defendant John and Jane Doe #4 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #4, St. Marys, Kansas 66536, within the jurisdiction of this Court.

f.      Defendant John and Jane Doe #5 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #5, St. Marys, Kansas 66536, within the jurisdiction of this Court.

g.      Defendant John and Jane Doe #6 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #6, St. Marys, Kansas 66536, within the jurisdiction of this Court.

h.      Defendant John and Jane Doe #7 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #7, St. Marys, Kansas 66536, within the jurisdiction of this Court.

i.    Defendant John and Jane Doe #8 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #8, St. Marys, Kansas 66536, within the jurisdiction of this Court.

j.    Defendant John and Jane Doe #9 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #9, St. Marys, Kansas 66536, within the jurisdiction of this Court.

k.    Defendant John and Jane Doe #10 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #10, St. Marys, Kansas 66536, within the jurisdiction of this Court.

l.    Defendant John and Jane Doe #11 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #11, St. Marys, Kansas 66536, within the jurisdiction of this Court.

m.    Defendant John and Jane Doe #12 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #12, St. Marys, Kansas 66536, within the jurisdiction of this Court.

n.    Defendant John and Jane Doe #13 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #13, St. Marys, Kansas 66536, within the jurisdiction of this Court.

o.    Defendant John and Jane Doe #14 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #14, St. Marys, Kansas 66536, within the jurisdiction of this Court.

p.      Defendant John and Jane Doe #15 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #15, St. Marys, Kansas 66536, within the jurisdiction of this Court.

q.      Defendant John and Jane Doe #16 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #16, St. Marys, Kansas 65636, within the jurisdiction of this Court.

r.      Defendant John and Jane Doe #17 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #17, St. Marys, Kansas 66536, within the jurisdiction of this Court.

s.      Defendant John and Jane Doe #18 may be served by delivering a copy of the Summons and Complaint to them at 311 S. Grand Avenue, Apt. #18, St. Marys, Kansas 66536, within the jurisdiction of this Court.

3.      Defendant St. Marys Rural Housing, L.P. a/k/a St. Marys Rural Rental Housing, L.P. executed and delivered to Plaintiff, acting through the Rural Housing Service, United States Department of Agriculture, a promissory note on March 23, 1987, in which it promised to pay Plaintiff the principal amount of $464,900.00, together with interest thereon at the rate of 8.5000 percent (8.5000%) per annum on the unpaid balance. As consideration for this note, Plaintiff made a Rural Housing loan to Defendant St. Marys Rural Housing, L.P. a/k/a St. Marys Rural Rental Housing, L.P. pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq*.). A true and correct copy of the Promissory Note is attached as Exhibit A.

4.      To secure the payment of the indebtedness, Defendant St. Marys Rural Housing, L.P. a/k/a St. Marys Rural Rental Housing, L.P. did, on March 23, 1987, execute and deliver a purchase-money security interest in the form of a real estate mortgage upon certain real estate

located in Pottawatomie County, Kansas, within the jurisdiction of this Court, described as follows:

> Lots 1-4 and the south 20' of the adjacent street on the north of Block 16, of the Second Addition and lots 13-16 Block 16 of the Second Addition, St Marys, Kansas.

This real estate mortgage was filed for record on March 24, 1987, in the office of the Register of Deeds of Pottawatomie County, Kansas, in Book 223 at Page 215. A true and correct copy of the Mortgage is attached as Exhibit B.

5.      It is requested that the real estate mortgage should have the legal description above reformed to include the vacated streets and alleys and to instead, read as follows:

> Lots 1, 2, 3, 4, 13, 14, 15 and 16, Block 16, in Second Addition to the City of St. Marys, Pottawatomie County, Kansas, TOGETHER WITH that portion of vacated streets and alley accruing thereto.

6.      Repayment of the indebtedness is also secured by a perfected security interest in personal property, contract rights, accounts, and replacements. Copies of the most recent security agreement held by the United States are attached as Exhibit C.

7.      Plaintiff is the owner and holder of the liability and security documents as set out above, attached as Exhibits A, B and C.

8.      Defendant St. Marys Rural Housing, L.P. a/k/a St. Marys Rural Rental Housing, L.P., failed to comply with all laws, ordinances, and regulations affecting the property in violation of the provisions of the liability and security instruments as set out above. *See* Exhibit B, ¶ (10). In particular, Defendant St. Marys Rural Housing, L.P. a/k/a St. Marys Rural Rental Housing, L.P., violated the following regulatory provisions:

a.    Failure to operate and manage the housing project in accordance with Agency approved management plan or Agency requirements. *See* 7 C.F.R. § 3560.452(c)(1).

b.    Failure to keep general operating expenses, reserve, and other financial accounts related to the housing project at required funding levels. *See* 7 C.F.R. § 3560.452(c)(3).

c.    Failure to occupy rental units with eligible tenants and other tenant file deficiencies. *See* 7 C.F.R. § 3560.452(c)(4).

d.    Failure to charge correct rents or to correctly calculate net tenant contributions, utility allowances, or rental assistance payments or to properly administer the Agency rental assistance assigned to the housing project. *See* 7 C.F.R. § 3560.452(c)(5).

e.    Failure to submit required annual financial reports to the Agency within the time periods specified in 7 C.F.R. § 3560.308. *See* 7 C.F.R. § 3560.452(c)(6).

f.    Failure to submit management plans, leases, occupancy rules, and other required materials to the Agency in accordance with Agency requirements. *See* 7 C.F.R. § 3560.452(c)(7).

g.    Failure to comply with applicable Federal laws including laws related to civil rights, fair housing, disabilities and environmental conditions. *See* 7 C.F.R. § 3560.452(c)(8).

      h.    Failure to properly maintain and account for funds associated with Agency secured operating, reserve, and tax and insurance accounts. *See* 7 C.F.R. § 3560.452(c)(3).

9.    Defendant St. Marys Rural Housing, L.P. a/k/a St. Marys Rural Rental Housing, L.P. failed to pay Plaintiff installments of principal and interest when due in violation of the provisions of the liability and security documents set out above.

10.    Plaintiff has elected to exercise its option to declare the entire unpaid principal balance plus interest to be immediately due and payable and has made demand for these amounts. No payment has been received.

11.    Additionally, as part of an agreement entered in District of Kansas Case No. 14-40091-DDC, Terry Hummer, a general partner for Defendant St. Marys Rural Housing, L.P. a/k/a St. Marys Rural Rental Housing, L.P., agreed to withdraw from all Rural Housing Service projects in Kansas. However, Terry Hummer has been unable to withdraw, necessitating foreclosure.

12.    The amount due on the promissory note and mortgage is principal in the amount of $452,289.48 (including unpaid principal of $421,295.81, agency title report fees of $456.00, and overdue real estate taxes of $30,537.67) as of May 29, 2018; plus interest in the amount of $140,670.18 (including interest on principal of $140,455.12 and interest on advances of $215.06) accrued to May 29, 2018; plus interest accruing thereafter at the daily rate of $102.5200 (including daily interest on principal of $99.3100 and daily interest on advances of $3.2100) to the date of judgment; plus administrative costs pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

13.     No other action has been brought for recovery of these sums and no payment has been received.

14.     Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, *et seq.*

15.     The following Defendants may claim an interest in the real estate that is the subject of this action:

      a.     Defendant John and Jane Doe #1 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #1, St. Marys, Kansas 66536.

      b.     Defendant John and Jane Doe #2 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #2, St. Marys, Kansas 66536.

      c.     Defendant John and Jane Doe #3 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #3, St. Marys, Kansas 66536.

      d.     Defendant John and Jane Doe #4 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #4, St. Marys, Kansas 66536.

      e.     Defendant John and Jane Doe #5 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #5, St. Marys, Kansas 66536.

f.      Defendant John and Jane Doe #6 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #6, St. Marys, Kansas 66536.

g.      Defendant John and Jane Doe #7 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #7, St. Marys, Kansas 66536.

h.      Defendant John and Jane Doe #8 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #8, St. Marys, Kansas 66536.

i.      Defendant John and Jane Doe #9 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #9, St. Marys, Kansas 66536.

j.      Defendant John and Jane Doe #10 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #10, St. Marys, Kansas 66536.

k.      Defendant John and Jane Doe #11 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #11, St. Marys, Kansas 66536.

l.      Defendant John and Jane Doe #12 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #12, St. Marys, Kansas 66536.

m.      Defendant John and Jane Doe #13 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #13, St. Marys, Kansas 66536.

n.      Defendant John and Jane Doe #14 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #14, St. Marys, Kansas 66536.

o.      Defendant John and Jane Doe #15 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #15, St. Marys, Kansas 66536.

p.      Defendant John and Jane Doe #16 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #16, St. Marys, Kansas 66536.

q.      Defendant John and Jane Doe #17 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #17, St. Marys, Kansas 66536.

r.      Defendant John and Jane Doe #18 may claim an interest in the subject real estate as tenants or occupants of the subject real estate at 311 S. Grand Avenue, Apt. #18, St. Marys, Kansas 66536.

16.     The indebtedness due Plaintiff is a first and prior lien on the property described above.

17.     The interests of Defendants are junior and inferior to the interests of Plaintiff United States of America.

Plaintiff demands the real estate mortgage referenced in paragraph four (4) above, be reformed to reflect the legal description as follows:

> Lots 1, 2, 3, 4, 13, 14, 15 and 16, Block 16, in Second Addition to the City of St. Marys, Pottawatomie County, Kansas, TOGETHER WITH that portion of vacated streets and alley accruing thereto.

Plaintiff demands an *in rem* judgment against the real property, *in rem* judgment against Defendant St. Marys Rural Housing, L.P. a/k/a St. Marys Rural Rental Housing, L.P.  in the sum of principal in the amount of $452,289.48 (including unpaid principal of $421,295.81, agency title report fees of $456.00, and overdue real estate taxes of $30,537.67) as of May 29, 2018; plus interest in the amount of $140,670.18 (including interest on principal of $140,455.12 and interest on advances of $215.06) accrued to May 29, 2018; plus interest accruing thereafter at the daily rate of $102.5200 (including daily interest on principal of $99.3100 and daily interest on advances of $3.2100) to the date of judgment; plus administrative costs pursuant to the promissory note and mortgage; plus filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2); plus interest thereafter at the rate set forth in 28 U.S.C. § 1961; plus court costs and the costs of this action presently and in the future incurred.

Plaintiff also demands foreclosure of its mortgage on the subject real property and foreclosure of all Defendants' interests in the subject real estate.

Plaintiff further demands that its Mortgage be declared a first and prior lien on the real estate described herein and that such advances as Plaintiff may be authorized and required to pay for insurance premiums, real estate taxes, title fees, or other costs necessary to protect the security during the pendency of this proceeding be allowed as a first and prior lien on the security.

Plaintiff further demands that the judgment granted the United States of America in the Order and Judgment is the final judgment of this Court.

Plaintiff further demands that all legal right, title and interest which Defendants have in the real estate be foreclosed, and the real estate be sold at public sale to the highest bidder, subject to a redemption period not to exceed three months *for creditors only,* in accordance with K.S.A. § 60-2414 and 28 U.S.C. §§ 2001-2003, inclusive, and that the sale be subject to any unpaid real property taxes, special assessments, and easements of record.

Plaintiff further demands that it may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale, and that the sale proceeds be applied in the following order:

(1) Filing fees in the amount of $400.00 allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of this action and the foreclosure sale;

(3) The interest accruing on Plaintiff's *in rem* judgment of foreclosure;

(4) Plaintiff's *in rem* judgment of foreclosure; and,

(5) Any remaining balance should be held by the Clerk of the District Court to await the Court's further order.

Plaintiff further demands that all right, title, and interest in and to the real estate of Defendants, and of all persons claiming by, through or under them be decreed to be junior and inferior to Plaintiff's Mortgage and be absolutely barred and foreclosed.

Plaintiff further prays that, if the grantee named in the United States Marshal's Deed, or the grantee's assigns, are denied possession of the real property, a Writ of Assistance issue out of this Court to the United States Marshal for the District of Kansas, upon application of the grantee or assigns, ordering and directing the United States Marshal to place the grantee or assign, in full, complete, and peaceful possession of the real property.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney
District of Kansas

s/ Tanya Sue Wilson
TANYA SUE WILSON
Assistant United States Attorney
Ks. S.Ct. No. 11116
290 Federal Bldg.
444 SE Quincy Street
Topeka, Kansas 66683
PH: (785) 295-2850
FX: (785) 295-2853
Email: tanya.wilson@usdoj.gov
Attorneys for Plaintiff

<u>REQUEST FOR PLACE OF TRIAL</u>

The United States of America hereby requests that trial of the above-entitled matter be held

in the City of Topeka, Kansas.

s/ Tanya Sue Wilson
TANYA SUE WILSON
Assistant United States Attorney

Form FmHA 1944-52
(4-86)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

MULTIPLE FAMILY HOUSING

PROMISSORY NOTE

| KIND OF LOAN | | STATE | COUNTY |
| --- | --- | --- | --- |
| Title V of the Housing Act of 1949 | | Kansas | Pottawatomie |
| ☐ Sec. 523 or 524 Rural Housing Site | | CASE NO. | |
| ☐ Sec. 514 Labor Housing | | | |
| ☒ Sec. 515 Rural Rental Housing | | PROJECT NO. | |
| ☐ Other Real Estate | | 01-9 | |

Date _____ March 23 _____, 19 87

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower".) jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in _____ Manhattan, KS _____

THE PRINCIPAL SUM OF FOUR HUNDRED SIXTY-FOUR THOUSAND NINE HUNDRED AND NO/100-------------

DOLLARS ($ 464,900.00 _____), plus INTEREST on the PRINCIPAL of

EIGHT & ONE-HALF _____ PERCENT ( 8.5 %) PER ANNUM.

Payment of the Principal and Interest shall be as agreed between the Borrower and the Government as indicated below: (check one)

☒ I.    Principal and Interest payments shall be deferred. The interest accrued to _____ October 1 _____, 19 87

shall be added to the Principal. The new Principal and later accrued Interest shall be payable in _____ 593 _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of the new Principal herein $ 474,159.47 _____ and the amount of regular installments in the box below, when determined:

☐ II.    Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

☐ III.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each month beginning on _____, 19 _____, through _____, 19 _____

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below:

| | |
| --- | --- |
| $ 3410.51 on November 1 _____, 19 87 , and | |
| $ 3410.51 thereafter on the FIRST of each MONTH | |

until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** _____ FIFTY _____ ( 50 ) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Exhibit A

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of each advance in the Record of Advances.

Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower providing the loan is in a current status. Refunds and extra payments, as defined in the regulations of the Farmers Home Administration according to the source of funds involved, shall be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Prepayment restrictions must be considered if the Borrower is subject to these restrictions and the prepayment of scheduled installments will cause the loan to be repaid prior to the expiration of the restricted repayment period.

CREDIT ELSEWHERE CERTIFICATION:  Borrower hereby certifies inability to obtain sufficient credit elsewhere to finance the actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near the community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

TRANSFER OF TITLE:  Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased (except individual units leased to tenants), assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government.

GRADUATION AGREEMENT:  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. When the Borrower is subject to prepayment restrictions, refinancing will not be required until such restrictions are exhausted.

CREDIT SALE TO INELIGIBLE BORROWER:  The provisions of the paragraphs entitled "Credit Elsewhere Certification", and "Graduation Agreement" do not apply if (1) this promissory note represents in whole or in part, payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the Borrower as an ineligible Borrower under Title V of the Housing Act of 1949, as amended and regulations issued thereunder. As long as the promissory note remains unpaid, the property purchased with this loan shall not be sold or transferred, either voluntarily or involuntarily, unless the Government consents to such transaction in writing.

DEFAULT:  Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations and provisions hereof.

Presentment, protest, and notice are hereby waived.

Pursuant to FmHA Instruction 1944-E §1944.221(a)(2), personal liability of the partners of this limited partnership is not required.

ST. MARYS RURAL HOUSING;
a Limited Partnership _____ (SEAL)
                              *(BORROWER)*

by: ~~Terry D. Hummer~~ _____ (SEAL)
                              *(BORROWER)*
TERRY D. HUMMER, General Partner
4431 N.W. Greenhills Road
                              *(ADDRESS)*
Topeka, KS  66618 _____

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 21,000 | 3-23-87 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ | |

*FmHA*

USDA-FmHA
Form FmHA 427-1 KS
(Rev. 11-27-84)

Position 5

## REAL ESTATE MORTGAGE FOR KANSAS

THIS MORTGAGE is made and entered into by ___ST. MARYS RURAL HOUSING,___

___a Limited Partnership___

residing in ___Shawnee___ County, Kansas, whose post office address is

___4431 N.W. Greenhills Road, Topeka___ , Kansas ___66618___ ,
herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," and

WHEREAS Borrower is indebted to the Government as evidenced by one or more promissory note(s) or assumption agreement(s), herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| March 23, 1987 | $464,900 | 8.5 | March 23, 2037 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument will be increased after 3 years, as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 or any other statutes administered by the Farmers Home Administration;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby mortgage, assign, and warrant to the Government the following property situated in the State of Kansas, County(ies) of

___Pottawatomie___

Lots 1-4 and the south 20' of the adjacent street on the north of Block 16, of the Second Addition and lots 13-16 Block 16 of the Second Addition, St. Marys, Kansas.



ORIGINAL
COMPARED WITH RECORD

STATE OF KANSAS
POTTAWATOMIE COUNTY
This instrument was filed for record on the
24th day of March
AD 19 87 at 8:40 o'clock A M
and duly recorded in book 223
page 215 fee $

*Register of Deeds*
Deputy

Exhibit B

The property described herein was obtained or improved through Federal financial assistance. This property is subject to the provisions of Title VI of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 and the regulations issued pursuant thereto for so long as the property continues to be used for the same or similar purpose for which financial assistance was extended or for so long as the purchaser owns it, whichever is longer.

This instrument also secures the obligations and covenants of the Borrower set forth in Borrower's Loan Agreement of February 11, 1986, which is hereby incorporated herein by reference:

The borrower and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in section 515 of Title V of the Housing Act of 1949 and FmHA regulations then extant during this 20 year period beginning March 23, 1987. No person occupying the housing shall be required to vacate prior to the close of such 20 year period because of early repayment. The borrower understands that should an unsubsidized project be converted to subsidized within 15 years from the date the last loan on the project is closed, that the period will be increased by 5 years. The borrower will be released during such period from these obligations only when the Government determines that there is no longer a need for such housing or that Federal or other financial assistance provided to thee residents of such housing will no longer be provided. A tenant may seek enforcement of this provision as well as the Government.

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government as described by this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

(11)   To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12)   Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)   At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)   The Government may (a) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (b) release any party who is liable under the note or for the debt from liability to the Government, (c) release portions of the property and subordinate its lien, and (d) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)   If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)   Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)   SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18)   The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower, owing to or insured by the Government, in the order prescribed above.

(19)   Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower and curtesy.

(20)   If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for its sale or rental, or will otherwise make unavailable or deny said property, to anyone because of race, color, religion, sex, national origin and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on said property relating to race, color, religion, sex, or national origin.

(21)   This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Topeka, Kansas  66683, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(23)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application; and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this _____23rd_____ day of _____March_____, 19 87.

ST. MARYS RURAL HOUSING,
a Limited Partnership _____ (SEAL)

by: _____ (SEAL)
TERRY G. HUMMER
General Partner

STATE OF KANSAS
COUNTY OF _____ } ss.

A C K N O W L E D G M E N T

On this _____23rd_____ day of _____March_____ A.D., 19 87, before me _____

a Notary Public _____ personally appeared
(insert title of officer taking acknowledgment)

TERRY G. HUMMER, A partner on behalf of ST. MARYS RURAL HOUSING, a Limited Partnership

to me known to be the identical person(s) named in and who executed the foregoing instrument and acknowledged that

executed the same as _____ voluntary act and deed.

Susan E. Lowry
NOTARY PUBLIC
State of Kansas
My Appointment Expires
6-25-89

_____
Notary Public.

(SEAL)

My appointment expires _____

USDA-FmHA
Form FmHA 440-4
(Rev. 6-21-83)

Position 1

*FmHA*

# SECURITY AGREEMENT
## (CHATTELS AND CROPS)

I.  THIS SECURITY AGREEMENT, dated _____March 23_____, 19 87, is made between the United States of America

acting through the Farmers Home Administration (herein called Secured Party) and ST. MARYS RURAL HOUSING,

xxx _____a Limited Partnership_____ (herein called Debtor), whose mailing address is

_____4431 N.W. Greenhills Road, Topeka, KS  66618_____

II.  WHEREAS Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory note(s) or other instrument(s), and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory note(s) or other instrument(s), all of which are herein called "note", which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The note evidences a loan to Debtor, and Secured Party at any time, may assign the note and insure the payment thereof to any extent authorized by the Consolidated Farm and Rural Development Act or any other act administered by the Farmers Home Administration and

It is the purpose and intent of this instrument that, among other things, at all times when the note is held by Secured Party, or in the event Secured Party should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity security agreement to secure Secured Party against loss under its insurance contract by reason of any default by Debtor; and

NOW THEREFORE, in consideration of said loan(s) and (a) at all times when the note is held by Secured Party, or in the event Secured Party should assign this instrument without insurance of the payment of the note, to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions thereof and any additional loans or future advances to Debtor heretofore or hereafter made or insured by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other act administered by the Farmers Home Administration all with interest, (b) at all times when the note is held by an insured holder, to secure performance of Debtor's agreement herein to indemnify and save harmless Secured Party against loss under its insurance contract by reason of any default by Debtor, (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as hereinafter described, and the performance of every covenant and agreement of Debtor contained herein or in any supplementary agreement:

DEBTOR HEREBY GRANTS to Secured Party a security interest in Debtor's interest in the following collateral, including the proceeds and products thereof:

*Item 1.*  All crops, annual and perennial, and other plant products now planted, growing or grown, or which are hereafter planted or otherwise become growing crops or other plant products (a) within the one-year period or any longer period of years permissible under State law, or (b) at any time hereafter if no fixed maximum period is prescribed by State law, on the following described real estate:

| Farm(s) or Other Real Estate *Owner | Approximate No. of Acres | County and State | Approximate Distance and Direction from a Named Town or other Description |
|---|---|---|---|
| ST. MARYS RURAL HOUSING, a Limited Partnership | 8 Lots | Pottawatomie, Kansas | Lots 1-4 and the south 20' of the adjacent street on the north of Block 16, of the Second Addition and lots 13-16 of the Second Addition, St. Marys, Kansas. |

Including all peanut and tobacco poundage allotments existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the debtors to any subsequent party.

*Owner shown in related Financing Statement, except if informed of ownership change show reputed new owner.

FmHA 440-4 (Rev. 6-21-83)

Exhibit C

*Item 2.*    All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following:

| Line No. | Quantity | Kind | Manufacturer | Size and Type | Condi-tion | Year of manufac-ture. | Serial or Motor No. |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

Any fixture described above  is affixed or is to be affixed to the real estate described in *Item 1* hereof.

*Item 3.*    All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following:

| Line No. | Quantity | Kind-sex | Breed | Color | Weight, average weight | Age or age Range | Brands or other identification |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |



*Item 4.*    All accounts, contract rights and general intangibles, as follows:

## III.   DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

A.    Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except (1) any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect, (2) any applicable landlord's statutory liens, and (3) other liens, encumbrances, security or other interests, as follows:

and Debtor will defend the collateral against the claims and demands of all other persons. Reference to the above liens, encumbrances, security and other interests is for warranty purposes only and does not indicate their priority.

B.    Statements contained in Debtor's loan application(s) are true and correct; and Debtor will (1) use the loan funds for the purposes for which they were or are advanced, (2) comply with such farm and home management plans as may be agreed upon from time to time by Debtor and Secured Party, (3) care for and maintain the collateral in a good and husbandlike manner, (4) insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance, (5) permit Secured Party to inspect the collateral at any reasonable time, (6) not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest therein, or permit others to do so, without the prior written consent of Secured Party, and (7) not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered hereby.

C.    Debtor will pay promptly when due all (1) indebtedness evidenced by the note and any indebtedness to Secured Party secured hereby, (2) rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or hereafter attaching to, levied on, or otherwise pertaining to the collateral or this security interest, (3) filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest, and (4) fees and other charges now or hereafter required by regulations of the Farmers Home Administration. At all times when the note is held by an insured holder, Debtor shall continue to make payments on the note to Secured Party, as collection agent for the holder.

D.    If the note is insured by Secured Party, Debtor will indemnify and save harmless Secured Party against any loss by reason of any default by Debtor.

E.    At all times when the note is held by an insured holder, any amount due and unpaid under the terms of the note to which the holder is entitled may be paid by Secured Party to the holder of the note for the account of Debtor. Any amount due and unpaid under the terms of the note, whether it is held by Secured Party or by an insured holder, may be credited by Secured Party on the note and thereupon shall constitute an advance by Secured Party for the account of Debtor. Any advance by Secured Party as described in this paragraph shall bear interest at the note rate from the date on which the amount of the advance was due to the date of payment to Secured Party, provided that Borrower shall be required to pay interest on only the principal portion of such advance unless otherwise provided in the regulations of the Farmers Home Administration.

F.    Whether or not the note is insured by Secured Party, Secured Party may at any time pay any other amounts required herein to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

G.    All advances by Secured Party as described in this instrument, with interest, shall be immediately due and payable by Debtor to Secured Party without demand at the place designated in the latest note and shall be secured hereby. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

H.    In order to secure or better secure the aforesaid obligations or indebtedness, Debtor will execute and deliver to Secured Party at any time, upon demand, such additional security instruments on such real and personal property as Secured Party may require.

IV.   IT IS FURTHER AGREED THAT:

A.    Until default Debtor may retain possession of the collateral.

B.    Default shall exist hereunder if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness hereby secured or to observe or perform any covenants or agreements herein or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of anyone of the parties named as Debtor. Upon any such default.

1.    Secured Party, at its option, with or without notice as permitted by law, may (a) declare the unpaid balance on the note and any indebtedness secured hereby immediately due and payable, (b) enter upon the premises and take possession of, cultivate and harvest crops, repair, improve, use, and operate the collateral or make equipment unusable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and (c) exercise any sale or other rights accorded by law.

2.    Debtor hereby (a) agrees to assemble the collateral and make it available to Secured Party at such time(s) and place(s) as designated by Secured Party, and (b) waives all notices, exemptions, compulsory dispostion and redemption rights.

3.    A default shall exist under any other security instrument held or insured by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under any such other security instrument shall constitute default hereunder.

C.    Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Farmers Home Administration, third to the satisfaction of indebtedness secured hereby, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any other obligations of Debtor owing to or insured by Secured Party, and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as hereinabove provided, second on the debt evidenced by the note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to or insured by Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

D.    It is the itent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Agreement, no collateral covered hereby is or shall become realty or accessioned to other goods.

E.    This Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions hereof.

F.    If any provision of this Agreement is held invalid of unenforceable, it shall not affect any other provisions hereof, but this Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

G.    The rights and privileges of Secured Party under this Agreement shall inure to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

H.    If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

I.    Secured Party shall have the sole and exclusive rights as the secured party hereunder, including but not limited to the power to grant or issue any consent, release, subordination, continuation statement or termination statement, and no insured holder shall have any right, title, or interest in or to the security interest created by this Agreement or any benefits hereof.

J.    Secured Party will make or insure future loans or advances to Debtor to enable Debtor to raise or harvest farm crops or raise livestock or other animals, provided funds are available and the Debtor meets all then current requirements imposed by regulations of the Secured Party.

K.    SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.

L.    Failure by the Secured Party to exercise any right—whether once or often—shall not be construed as a waiver of any covenant or condition or of the breach thereof. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.


ST. MARYS RURAL HOUSING, a Limited Partnership

y: ~~Deny D. Hummer through Partner~~ (SEAL)                            _____ (SEAL)
TERRY G. HUMMER, General Partner    *(Debtor)*                                    *(Debtor)*

☆ U.S. GOVERNMENT PRINTING OFFICE:  1984—554-597



**KRIS W. KOBACH**
Secretary of State

**STATE OF KANSAS**

Memorial Hall, 1st Floor
120 S.W. 10th Avenue
Topeka, KS 66612-1594
(785) 296-4564

SEP 16 2016

September 13, 2016

UNITED STATES OF AMERICA ACTING THROUGH THE RURAL HOUSING SERVICES
2615 FARM BUREAU ROAD
MANHATTAN KS 66502

UCC 1 FILE #:    6270573 FILE DATE: 10/24/2006 LAPSE DATE: 10/24/2021
UCC 2 * CONT* SP CHG File #:       7251010   FILE DATE:   9/12/2016

Number of pages in this filing:    1

Our database contains the following debtor and secured party
information for this filing.


Secured Party
UNITED STATES OF AMERICA ACTING THROUGH THE RURAL HOUSING SERVICES
2615 FARM BUREAU ROAD
MANHATTAN KS 66502

Secured Party
UNITED STATES OF AMERICA ACTING THROUGH USDA RURAL DEVELOPMENT
3705 MILLER PARKWAY, SUITE A
MANHATTAN KS 66503

Secured Party
UNITED STATES OF AMERICA ACTING THROUGH THE RURAL HOUSING SERVICE
1405 SOUTH SPENCER ROAD
NEWTON KS 67114

Debtor
ST. MARYS RURAL HOUSING, A LIMITEDPARTNERSHIP
4700 NW HUNTERS RIDGE CIRCLE
TOPEKA KS 66618

rct

---

27

SEP 16 2016

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS

| | | | |
|---|---|---|---|
| 3838 | 01 | | FILED BY KS SOS |
| 061 | 013 | | 09-12-2016 |
| $20.00 | | 1 | 01:16:08 PM |
| PAGES: 00001 | | | FILE#: 7251010 |

04585780

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

A. NAME & PHONE OF CONTACT AT FILER (optional)
**Annette Carstenson**          (785) 271-2726

B. E-MAIL CONTACT AT FILER (optional)
**annette.carstenson@ks.usda.gov**

C. SEND ACKNOWLEDGMENT TO:   (Name and Address)

    **USDA Rural Development**
    **1303 SW First American Place, Ste 100**
    **Topeka, KS  66604**

1a. INITIAL FINANCING STATEMENT FILE NUMBER
**6270573**

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS Filer: attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

2. ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

3. ☐ **ASSIGNMENT (full or partial)**  Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

4. ☑ **CONTINUATION:**  Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

5. ☐ **PARTY INFORMATION CHANGE:**

Check one of these two boxes:         AND   Check one of these three boxes to
This Change affects ☐ Debtor or ☐ Secured Party of record
☑ CHANGE name and/or address  Complete item 6a or 6b; and item 7a or 7b and item 7c
☐ ADD name  Complete item 7a or 7b, and item 7c
☐ DELETE name  Give record name to be deleted in item 6a or 6b

6. CURRENT RECORD INFORMATION   Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **United States of America acting through the Rural Housing Service** | | | |
| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

OR

7. CHANGED OR ADDED INFORMATION: Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **United States of America acting through the Rural Housing Service** | | | |
| 7b. INDIVIDUAL'S SURNAME | | | |
| INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

OR

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| **1405 South Spencer Road** | **Newton** | **KS** | **67114** | |

8. ☐ COLLATERAL CHANGE:  Also check one of these four boxes.  ☐ ADD collateral  ☐ DELETE collateral  ☐ RESTATE covered collateral  ☐ ASSIGN collateral
Indicate collateral

9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT  Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR check here ☐ and provide name of authorizing Debtor

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| **United States of America acting through the Rural Housing Service** | | | |
| 9b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

OR

10. OPTIONAL FILER REFERENCE DATA:

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (Form UCC3) (Rev. 04/20/11)

MAY - 5 2011



**KRIS W. KOBACH**
Secretary of State

Memorial Hall, 1st Floor
120 S.W. 10th Avenue
Topeka, KS 66612-1594
(785) 296-4564

**STATE OF KANSAS**

May 3, 2011

UNITED STATES OF AMERICA ACTING THROUGH THE RURAL HOUSING SERVICES
2615 FARM BUREAU ROAD
MANHATTAN KS 66502

UCC 1 FILE #:   6270573  FILE DATE: 10/24/2006 LAPSE DATE: 10/24/2016
UCC 2 * CONT* SP CHG File #:      6794085    FILE DATE:  4/27/2011

Number of pages in this filing:   1

Our database contains the following debtor and secured party
information for this filing.

<u>Secured Party</u>
UNITED STATES OF AMERICA ACTING THROUGH THE RURAL HOUSING SERVICES
2615 FARM BUREAU ROAD
MANHATTAN KS 66502

<u>Secured Party</u>
UNITED STATES OF AMERICA ACTING THROUGH USDA RURAL DEVELOPMENT
3705 MILLER PARKWAY, SUITE A
MANHATTAN KS 66503

<u>Debtor</u>
ST. MARYS RURAL HOUSING, A LIMITEDPARTNERSHIP
4700 NW HUNTERS RIDGE CIRCLE
TOPEKA KS 66618

jc

---

**Business Services:** (785) 296-4564       **Web site:** www.sos.ks.gov        **Elections:** (785) 296-4561
**Fax:** (785) 296-4570                      **E-mail:** kssos@sos.ks.gov          **Fax:** (785) 291-3051

MAY - 5 2011

| | |
|---|---|
| 1303   01 | FILED BY KS SOS |
| 061    013      1 | 04-27-2011 |
| $20.00 | 02:15:25 PM |
| PAGES: 00001 | FILE#: 6794085 |

02915644

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Annette R Carstenson          (785) 776-7582

**B. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

USDA Rural Development
3705 Miller Parkway, Suite A
Manhattan KS 66503

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b.  This FINANCING STATEMENT AMENDMENT is |
|---|---|
| 6270573 | to be filed [for record] (or recorded) in the ☑ REAL ESTATE RECORDS. |

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☑ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ **ASSIGNMENT** (full or partial):  Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5.** **AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor  or ☑ Secured Party of record.  Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☑ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.   ☐ DELETE name:  Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  United States of America acting through USDA Rural Development | | | |
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR  United States of America acting through USDA Rural Development | | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 3705 Miller Parkway, Suite A | Manhattan | KS | 66503 | USA |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted  or ☐ added,  or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment).  If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR  USDA Rural Development | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

OCT 3 1 2006

# RON THORNBURGH
Secretary of State



Memorial Hall, 1st Floor
120 S.W. 10th Avenue
Topeka, KS 66612-1594
(785) 296-4564

October 26, 2006

# STATE OF KANSAS

UNITED STATES OF AMERICA ACTING THROUGH THE RURAL HOUSING SERVICES
2615 FARM BUREAU ROAD
MANHATTAN KS 66502

UCC 1 FILE #:   6270573 FILE DATE: 10/24/2006 LAPSE DATE: 10/24/2011
Number of pages in this filing:    2

Our database contains the following debtor and secured party
information for this filing.


<u>Secured Party</u>
UNITED STATES OF AMERICA ACTING THROUGH THE RURAL HOUSING SERVICES
2615 FARM BUREAU ROAD
MANHATTAN KS 66502

<u>Debtor</u>
ST. MARYS RURAL HOUSING, A LIMITEDPARTNERSHIP
4700 NW HUNTERS RIDGE CIRCLE
TOPEKA KS 66618

pka

---

OCT 31 2006        61-01

| 10-25-2006<br>061<br>2517 | 08:19:00<br>$20.00<br>01<br>Page 1 of 2<br>10/24/2006 9:29:09 AM<br>9114 1<br>61 UCC 1<br>$0 |

6270573
Filed Kansas
Secretary of State

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Jean Dressman  (785)776-7582

**B. SEND ACKNOWLEDGMENT TO:**  (Name and Address)

USDA, Rural Development
2615 Farm Bureau Road
Manhattan, KS. 66502

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| St. Marys Rural Housing, a Limited Partnership | | | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 4700 NW Hunters Ridge Circle | Topeka | | Ks | 66618 | USA |
| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION L.P. | 1f. JURISDICTION OF ORGANIZATION Shawnee County, KS. | 1g. ORGANIZATIONAL ID #, if any | ☑ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATIONAL ID #, if any | ☐ NONE |

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| United States of America Acting through the Rural Housing Services | | | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| 2615 Farm Bureau Road | Manhattan | | KS | 66502 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**
SEE ATTACHMENT A.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|
| 6. | This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum [if applicable] | | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | All Debtors | Debtor 1 | Debtor 2 |

**8. OPTIONAL FILER REFERENCE DATA**

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

OCT 3 1 2006

Page 2 of 2
6270573

Attachment A

This **Financing Statement** covers the following collateral,

(1) All of borrower's revenue and income, deposit accounts, certificates of title, goods, accounts, payment intangibles, general intangibles, equipment, "Including but not limited to: appliances, stoves, ranges, refrigerators, dishwashers, washing machines, dryers, window air conditioners, storage buildings, and project equipment; and

(2) All proceeds, products, accessions, and security acquired hereafter.

The security interest perfected secures a future advance clause and the security agreement contains an after-acquired property clause.

Disposition of such collateral is not hereby authorized

Lots 1-4 and the south 20' of the adjacent street on the north of Block 16, of the Second Addition and lots 13-16 Block 16 of the Second Addition, St. Marys, Kansas.

RON THORNBURGH
Secretary of State



First Floor, Memorial Hall
120 SW 10th Ave.
Topeka, KS  66612-1594
(785) 296-4564

October 9, 2001

STATE OF KANSAS

USA FHA
401 HOUSTON  RM 119
MANHATTAN KS 66502

UCC 1 FILE #:   1171986 FILE DATE:  3/24/1987 LAPSE DATE:  3/24/2007
UCC 2 * CONT* SP CHG File #:        5013701   FILE DATE:  10/02/2001

Number of pages in this filing:  2

The following data reflects the information contained in the
uniform commercial code database.  Please compare this data to the
debtor and secured party information submitted on this filing.

If you would like for our records to reflect changes in either of
these fields, you must file an amendment.  The fee for an amendment
is $15.00 plus $1.00 for each additional page.

Secured Party
USA FHA
401 HOUSTON  RM 119
MANHATTAN KS 66502

Secured Party
USDA RURAL DEVELOPMENT
2615 FARM BUREAU ROAD
MANHATTAN KS 66502

Debtor
ST MARYS RURAL HOUSING
4431 NW GREENHILLS
TOPEKA KS 66618

kld

Administration: (785) 296-0498        Web Site:        Elections: (785) 296-4561
FAX: (785) 368-8028                  www.kssos.org              FAX: (785) 291-3051
Corporations: (785) 296-4564          e-mail:             UCC: (785) 296-1849
FAX: (785) 296-4570              kssos@kssos.org              FAX: (785) 296-3659

2T

1 9 5 7       0 0 6 4 2

# UCC FINANCING STATEMENT AMENDMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Annette Jarmer        (785) 776-7582

**B. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

USDA Rural Development
2615 Farm Bureau Road
Manhattan, KS 66502

Page 1 of 2
10/2/01 12:59:05 PM
8853 1
61 UCC 2 A C
$30

# 5013701
Filed Kansas
Secretary of State

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 1171986 | [X] |

2. [ ] **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. [X] **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. [ ] **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. **AMENDMENT (PARTY INFORMATION):** This Amendment affects [ ] Debtor **or** [ ] Secured Party of record. Check only **one** of these two boxes.
Also check **one** of the following three boxes **and** provide appropriate information in items 6 and 7.
[X] CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.    [ ] DELETE name: Give record name to be deleted in item 6a or 6b.    [ ] ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. **CURRENT RECORD INFORMATION:**

| | 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | USDA Rural Development | | | |
| | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. **CHANGED (NEW) OR ADDED INFORMATION:**

| | 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | | | | |
| | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2615 Farm Bureau Road | Manhattan | KS | 66502 | |

| 7d. TAX ID #:   SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | [ ] NONE |

8. **AMENDMENT (COLLATERAL CHANGE):** check only **one** box.
Describe collateral [ ] deleted  or  [ ] added, or give entire [ ] restated collateral description, or describe collateral [ ] assigned.

9. **NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here [ ] and enter name of DEBTOR authorizing this Amendment.

| | 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | USDA Rural Development | | | |
| | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

Page 2 of 2
5013701

1 0 5 3        0 0 6 4 2

## UCC FINANCING STATEMENT AMENDMENT ADDENDUM

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

11. INITIAL FINANCING STATEMENT FILE # (same as Item 1a on Amendment form)

1171986

12. NAME OF PARTY AUTHORIZING THIS AMENDMENT (same as Item 9 on Amendment form)

12a. ORGANIZATION'S NAME

USDA Rural Development

OR

| 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME,SUFFIX |
|---|---|---|

13. Use this space for additional information

Amend Debtor Address to:
St Marys Rural Housing
a Limited Partnership
4700 NW Hunters Ridge Circle
Topeka, KS 66618

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT ADDENDUM (FORM UCC3Ad) (REV. 07/29/98)

USDA-FmHA
Form FmHA 462-12
(Rev. 10-85)

## STATEMENTS OF CONTINUATION, PARTIAL RELEASE, ASSIGNMENT, ETC.

| This STATEMENT is presented to filing officer for filing pursuant to the Uniform Commercial Code | No. of additional sheets presented: | 3. Maturity date (if any) |
|---|---|---|

| 1. Debtor(s): (Last name first, and mailing address(es)) | 2. SECURED PARTY | FOR FILING OFFICER ONLY (Date, time, number and filing office) |
|---|---|---|
| ST. MARYS RURAL HOUSING<br>a Limited Partnership<br>4431 N.W. Greenhills Rd<br>Topeka, KS  66618<br><br>#481017532 | UNITED STATES OF AMERICA<br>acting through 07-22-1996  15:51:28  8150 01<br>FARMERS HOME ADMINISTRATION<br>401 Houston, Room 119<br>Manhattan, KS  66502<br>(County Office Address) 1 of 1 | |

| 4. This Statement refers to original Financing Statement No. | 1171986 | 09-24-1996  12:11:58 |
|---|---|---|
| Filed with  Secretary of State | Date filed  March 24 | 9139.00 |

5. ☒ **Continuation.** The original financing statement between the foregoing Debtor(s) and Secured Party bearing file number shown above, is still effective.

6. ☐ **Termination.** Secured party no longer claims a security interest under the financing statement bearing file number shown above.

7. ☐ **Assignment.** The secured party's right under the financing statement bearing file number shown above to the property described in Item 10 have been assigned to the assignee whose name and address appears in Item 10.

8. ☐ **Amendment.** Financing Statement bearing file number shown above is amended as set forth in Item 10.

9. ☐ **Partial Release** Secured Party releases the collateral described in Item 10 from the financing statement bearing file number shown above.

10. Wherever "Farmers Home Administration,"
"FmHA" "Rural Development Administration,"
or "RDA" may appear, the term "United States
of America" is substituted.

SIGNATURE _____ DATE 7-18-96

By: _____
Signature(s) of Debtor(s)  (necessary only if Item 8 is applicable)

UNITED STATES OF AMERICA

By _____

Title **DENNIS STAFFORD, Rural Dev. Manager**
FARMERS HOME ADMINISTRATION

(3) Filing Officer Copy-Acknowledgement
Filing Officer returns this copy to County Office.

FmHA 462-12 (Rev. 10-85)